**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

No. 24-14056

Non-Argument Calendar

ULI MONTES DE OCA BELTRAN,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A200-010-519

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Uli Montes De Oca Beltran petitions for review of a Board of Immigration Appeals order denying his second motion to

reopen and terminate removal proceedings. After careful consideration, we dismiss his petition in part and deny it in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Uli Montes De Oca Beltran is a native and citizen of Cuba. He became a lawful permanent resident of the United States in 2007.

In 2009, Montes got in trouble with the law. Police received a tip that there might be a large amount of marijuana in his house in Ocala, Florida. After searching the house, police found a pistol in the children's bedroom closet and about seven pounds of "a green leafy substance" that an officer identified as marijuana divided between thirteen heat-sealed gallon plastic bags. Montes admitted that the marijuana was his. Police checked Montes for outstanding warrants and found that he had a warrant for trafficking in marijuana in Marion County, Florida, which Montes confirmed.

In 2011, Montes pleaded guilty to one count of possessing marijuana with intent to sell or deliver under Florida Statutes section 893.13(1)(a)(2). The Department of Homeland Security then initiated removal proceedings against Montes in immigration court. An immigration judge found that Montes was removable as a noncitizen who has been convicted of, or admits having committed, a controlled substance offense based on his Florida marijuana conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). The immigration judge further found that Montes was ineligible for any relief from removal. Accordingly, the immigration judge entered an order of

removal in 2014, which the Board affirmed in 2015, making the order of removal final.

Nearly eight years later, in 2023, Montes filed a motion to reopen and terminate his removal proceedings based on our intervening decision in *United States v. Said*, 28 F.4th 1328 (11th Cir. 2022). In *Said*, we held that a Florida conviction for marijuana possession was not an "offense relating to a controlled substance" under the Immigration and Nationality Act because Florida's definition of marijuana is broader than the federal analogue. *Id.* at 1333. Under *Said*, Montes argued, he was no longer removable because his Florida marijuana conviction was not a controlled substance offense for immigration purposes. And because "it was only due to legal error that [Montes] was deemed removable[,] . . . the Board . . . should exercise *sua sponte* authority to reopen and terminate" his removal proceedings. Declining to exercise its sua sponte authority to reopen removal proceedings, the Board denied the motion, finding that Montes had not diligently pursued reopening because he waited more than a year after we decided *Said* to file his motion, and it was "hardly extraordinary" that an intervening decision may impact a case that has already reached finality.

Seven months later, Montes filed a second motion to reopen, this time under the Board's statutory authority to reopen cases under the Immigration and Nationality Act. Reasserting his *Said* argument, Montes requested that the Board equitably toll the deadline to file a motion to reopen. Montes conceded the motion was untimely, but asserted that equitable tolling was warranted

because his counsel—who continued to represent him in his second motion—admitted that he was ineffective in filing the first motion "more than one year after the Eleventh Circuit's decision in *Said*" "due to error and undue delay." In the alternative, Montes renewed his request that the Board exercise its sua sponte authority to reopen his removal proceedings.

The Board denied the second motion, finding that Montes had not demonstrated the diligence required to receive equitable tolling because he had "filed the [second] motion about seven months after the denial of his first motion to reopen" and "[had] not explain[ed] this seven-month delay or made a showing that he [had] diligently pursued his rights during this time," something the Board would have "expect[ed] to be addressed given that he [was being] represented by the same counsel who filed the previous motion." Montes's request for reopening sua sponte likewise failed for the reasons stated in the Board's order denying Montes's first motion.

Montes petitions for review of the Board's order denying his second motion to reopen.

## STANDARD OF REVIEW

We review for abuse of discretion the Board's denial of a motion to reopen removal proceedings. *See Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1182 (11th Cir. 2014) (citing *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009)). "This review is limited to determining whether the [Board] exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d

1316, 1319 (11th Cir. 2009) (per curiam) (citation modified). "The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Id.* (citation modified).

**DISCUSSION**

Montes argues that the Board should have granted his second motion to reopen under its statutory and sua sponte authority. Under the Immigration and Nationality Act, an alien may file one motion to reopen removal proceedings, which must be filed no later than ninety days after the alien's order of removal becomes final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). This deadline is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1363 (11th Cir. 2013) (en banc). Aside from this statutory authority, the Board also has the authority to reopen removal proceedings sua sponte at any time, *see* 8 C.F.R. § 1003.2(a), though "it will exercise [this] authority only in exceptional circumstances," *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016).

Montes's primary argument—that the Board abused its discretion in denying his second motion to reopen under its statutory authority—fails because the motion was untimely and Montes did not demonstrate a basis for equitable tolling. Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "Generally, equitable tolling requires a litigant to show '(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Avila-Santoyo*, 713 F.3d at 1363 n.5 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Montes fails to meet this standard. On the first prong, Montes chalked up his one-year delay in pursuing his first motion to ineffective assistance of counsel. Even if we accepted that excuse, Montes's second motion was untimely in its own right. Montes had to demonstrate why he was entitled to equitable tolling on his second motion. *See id.* But he provided no explanation for why, after waiting over twelve months to file the first motion, he waited an additional seven months to file the second motion. Given the complete absence of explanation, we cannot say the Board abused its discretion in finding that Montes failed to demonstrate the diligence that equitable tolling requires.

Because Montes has not satisfied the first prong, we need not consider the second.

Montes's secondary argument—that the board should have granted his request under its sua sponte authority—is a nonstarter. We lack jurisdiction to review the Board's decision not to reopen a case under its sua sponte authority. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008) (explaining that the Board's exercise of its sua sponte authority is an "agency action . . . committed to agency discretion by law" that we don't have jurisdiction to review under the Administrative Procedure Act); *see also Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419–

23 & n.2 (2023); *Butka*, 827 F.3d at 1286. We've suggested that there may be an exception to this rule when an alien's petition for review raises colorable "constitutional claims related to the [Board]'s decision not to exercise its sua sponte power." *Lenis*, 525 F.3d at 1293 n.7; *see also Bing Quan Lin*, 881 F.3d at 871. But Montes does not raise any constitutional claim related to the Board's decision not to exercise its sua sponte authority, so the exception does not apply.

We therefore dismiss in part and deny in part Montes's petition for review of the Board's order denying his second motion to reopen.

**PETITION DISMISSED IN PART AND DENIED IN PART.**